# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERESA BANKS,**<br>Plaintiff**,**<br>vs.<br>**THOMAS J. NIXON, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-04833-YGR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br>Re: Dkt. No. 9 |

Plaintiff Teresa Banks, proceeding *pro se*, initiated the instant lawsuit in August 2018. Her case was initially before former Magistrate Judge Maria-Elena James. On August 27, 2018, Judge James issued an order granting plaintiff's Application to Proceed In Forma Pauperis. (Dkt. No. 6 ("Report").) Because plaintiff failed to consent timely to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. section 636(c), Judge James concurrently ordered that the case be reassigned to a District Judge and issued a Report and Recommendation recommending that plaintiff's complaint be dismissed without leave to amend, pursuant to 28 U.S.C. section 1915(e). (*Id.*) Plaintiff was advised that she could object to the Report within 14 days after being served with the same. Instead of objecting to the Report, plaintiff filed a First Amended Complaint on September 14, 2018. (Dkt. No. 9 ("FAC").)[1] At present, the obligation of this Court is to review plaintiff's FAC pursuant to section 1915(e), *i.e.*, to determine whether the litigation of the case should continue.

As an initial matter, the FAC as pled is confusing and difficult to comprehend. The most that the Court can discern from the pleading is that plaintiff is unhappy with various decisions by three Alameda County Superior Court judges (Hon. Thomas J. Nixon, Hon. Gregory Syren, and

---

[1] In light of the filing of the FAC, Magistrate James' Report is **REJECTED AS MOOT**. However, as the majority of its reasoning still applies in the context of plaintiff's FAC, the Court restates it in relevant part herein.

Hon. Somnath Raj Chaterjee) and Alameda Superior Court Courtroom Clerk Pam Young in connection with plaintiff's ongoing state court dissolution proceedings. For example, plaintiff makes the following allegations:

- "Defendants have denied my rights to be heard, rejected my filings, thrown out documents, changed documents, put me in danger, allowed crimes to be committed against me, turned there [*sic*] back on the oath they took to be in office, [and] acted with arrogance without regard for mine [*sic*] and my childrens [*sic*] safety . . . ." (FAC at p. 16.)

- "I am the plaintiff and have no voice in my case." (*Id.* at p. 20.)

- "The decisions to hold trials and schedule hearings were an abuse of power, intentional and conscious decisions made by state employees while in their personal capacity, having no jurisdiction whatsoever over the case." (*Id.*)

- "Not one thing has been accomplished. . . . The only order I have received was to file a first amended petition." (*Id.* at p. 21.)

- "Somnath Raj Chatterjee, Thomas Nixon[,] and Gregory Syren have worked together on [the] Teresa Banks matter and denied her to remove her case to a more convenient forum . . . ." (*Id.* at p. 23.)

- "[The defendants] denied trial by jury. I filed for a voluntary dismissal[,] they denied it. I filed [an] immediate dismissal for fraud on the court[,] and it is ignored. I filed to disqualify the judges[,] and it is ignored. I paid for my discovery documents[,] and the clerk refused to turn them over to me and instead she sent them back." (*Id.* at p. 26.)

Plaintiff's FAC must be dismissed for several reasons.

First, to the extent plaintiff seeks relief against the state court, Eleventh Amendment immunity applies. *See Blount v. Sacramento Cty. Superior Court*, 559 F. App'x 623, 623 (9th Cir. 2014) (stating that "[d]ismissal of Blount's claims against the Sacramento County Superior Court was proper because the court is entitled to immunity under the Eleventh Amendment").[2]

Second, to the extent plaintiff seeks injunctive relief against the state court judges,

---

[2] In her FAC, plaintiff clarifies that she does not seek any monetary relief "that is not allowed by law." (*See* FAC at p. 2.) Thus, Judge James' point about the judges being immune under the Eleventh Amendment if they are sued for damages in their official capacities appears to be moot, as does her point about judicial immunity barring suits for damages against the judges in their individual capacities. (*See* Report at 3:7–13.)

2

Eleventh Amendment immunity may not be a bar. *See Hiramanek v. Clark,* No. C-13-0228 EMC, 2013 WL 3803613, at *5 (N.D. Cal. July 19, 2013). However, 42 U.S.C. section 1983 provides that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Consequently, any claim for injunctive relief against the state court judges is barred. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Third, and most importantly, plaintiff appears to be asking for relief from state court orders. (*See, e.g.*, FAC at p. 24 (asking this Court to "demand [the state court] to enter Teresa Banks['] 3rd request [for] default judgment and to vacate the order of September 13, 2018 by Somnath Raj Chatterjee where he set aside the default after 7 months"); *id*. at p. 26 ("I need an order to stay the state matter . . . .").)[3] This Court does not have the power to grant such relief. The *Rooker-Feldman* doctrine bars the same.[4] Specifically, that doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (internal quotation marks omitted). To determine whether an action functions as a de facto appeal, a district court "pay[s] close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks omitted). An action functions as a forbidden de facto appeal when the plaintiff is: "[1] assert[ing] as her injury legal error or errors by the state court *and* [2] see[king] as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (emphasis in original). Instead of seeking relief in federal district court, **plaintiff's only recourse** for relief is to appeal to the California Courts of Appeal.

Plaintiff's claims against Pam Young must also be dismissed. Court clerks enjoy quasi-

---

[3] Plaintiff's more recent articulation of the requested relief asks this Court to "vacate all orders and decisions of the state matter and enter the default judgment as submitted 4 times in the state case or to vacate and conduct a new trial in a different unbiased venue and with a jury trial." (Dkt. No. 10 at 9.)

[4] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court cases, namely *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

3

judicial immunity from suits requesting damages or injunctive relief "when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987).[5] There are no allegations in the FAC which indicate that Pam Young was acting outside the bounds of her normal judicial responsibilities. For example, she allegedly: (i) "rejected RFO's [*sic*] stating [plaintiff's] fee waiver was expired," (FAC at p. 16); (ii) "refused to turn [discovery documents] over to [plaintiff]," (*id*. at p. 26); and (iii) entered "[plaintiff's RFOs] as rejection letters," (*id*. at p. 33). Further, "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 139 (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Pam Young is therefore shielded from plaintiff's claims. *See, e.g., Bettencourt v. McCabe*, No. 1:17-cv-00646-DAD-SAB, 2017 WL 4180979, at \*5 (E.D. Cal. Sept. 21, 2017) ("The court clerks determining what documents should be filed and what documents should be returned to the filer because of deficiencies and determining what documents in a file a person should receive copies of are integral parts of the judicial process that involve the exercise of discretionary judgment."), *report and recommendation adopted*, No. 1:17-cv-00646-DAD-SAB, 2017 WL 8793760 (E.D. Cal. Dec. 26, 2017).

In light of the foregoing, and because it does not appear possible that the deficiencies identified herein can be cured by amendment, the FAC is **DISMISSED WITHOUT LEAVE TO AMEND.**[6]

The Clerk shall close the case file. This Order terminates Docket Numbers 6 and 11.

**IT IS SO ORDERED.**

Dated: December 19, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] As previously explained, plaintiff clarifies in her FAC that she is not seeking monetary relief against any defendant that is not allowed by law. (*See supra* n.2.)

[6] In light of the Court's ruling herein, plaintiff's Ex Parte Motion for Emergency Stay and Injunction in Superior Court Case HF12628212, (Dkt. No. 11), is **DENIED**.

4